J-S44038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                           :          PENNSYLVANIA
           v.                 :
                           :
CARL STREETER,               :
                           :
         Appellant          :       No. 3092 EDA 2016

Appeal from the Judgment of Sentence August 30, 2016
in the Court of Common Pleas of Bucks County,
Criminal Division, No(s): CP-09-CR-0000368-2016

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED JULY 31, 2017**

Carl Streeter ("Streeter") appeals from the judgment of sentence imposed following his guilty plea to one count of access device fraud. *See* 18 Pa.C.S.A. § 4106(a)(1). We affirm.

On November 25, 2015, Kathleen Ferrigno ("Ferrigno") reported fraudulent use of her Lowe's credit card to Officer Brian Hendrzak at the Richland Township Police Department. She cited five unauthorized charges, totaling $713.69, in November 2015 at the Lowe's store located at 1001 South West End Boulevard in Quakertown, Bucks County, Pennsylvania. Ferrigno believed that Streeter, who lived with her, had taken her credit card and made the unauthorized purchases. After reviewing the surveillance video from Lowe's, it was confirmed that Streeter was the person who had used Ferrigno's credit card.

On December 1, 2015, Streeter was charged with one count of access device fraud. On June 30, 2016, Streeter entered a guilty plea to one count of access device fraud, a felony in the third degree. On the same date, the trial court sentenced Streeter to three and one-half years to seven years in prison.[1] The trial court also ordered Streeter to pay restitution to Ferrigno and Lowe's.

Streeter filed a timely Motion to Modify and Reconsider Sentence, which the trial court granted in part and denied in part. The trial court granted Streeter's request to include in his sentence, an RRRI minimum of 35 months. All other aspects of his Motion were denied. Streeter filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal.

On appeal, Streeter raises the following questions for our review:

1.) Did the trial court abuse its discretion by imposing a sentence that deviated above the aggravated range of the sentencing guidelines and failed to state adequate reasons on the record for the upward deviation?

2.) Did the trial court abuse its discretion by imposing a manifestly excessive and unjust sentence that deviated above the aggravated range of the sentencing guidelines and failed to take into consideration the protection of the public, the gravity of

---

[1] The trial court imposed the statutory maximum sentence, which was above the aggravated range of the guidelines. *See* Trial Court Opinion, 12/14/16, at 5 n.3 (noting that "[t]he guidelines applicable in [Streeter's] case were as follows: mitigated range – 3 months; standard range – 6 to 16 months; aggravated range – 25 months"); *see also* 18 Pa.C.S.A. § 1103(3) (stating that a person may be sentenced, "[i]n the case of a felony in the third degree, for a term which shall be fixed by the court at not more than seven years").

the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of [Streeter]?

Brief for Appellant at 4 (capitalization omitted).

Streeter challenges the discretionary aspects of his sentence. Brief for Appellant at 10.

An appellant challenging the discretionary aspects of the sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider or modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

\*\*\*

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d. 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Streeter filed a timely Notice of Appeal, raised his claims in a timely Motion to Modify and Reconsider Sentence, and included a Rule 2119(f) Statement in his brief. Further, Streeter's claim that the trial court imposed an excessive and unjust sentence and failed to offer specific

reasons for the sentence as required by 42 Pa.C.S.A. § 9781(b) raises a substantial question. *See* Brief for Appellant at 10; *see also* ***Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008) (stating that "an allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence … raises a substantial question for our review."). Thus, we will review Streeter's sentencing claim.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgement for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Mastromarino***, 2 A.3d 581, 589 (Pa. Super. 2010) (citation omitted).

The Sentencing Code provides courts guidance with regard to its sentencing provisions:

In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing….

42 Pa.C.S.A. § 9721(b).

"[I]t is important to remember that the sentencing guidelines are advisory in nature." ***Commonwealth v. Bowen***, 55 A.3d 1254, 1264 (Pa. Super. 2012). "In every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence." ***Id.*** at 1263-64.

> The statute requires a trial judge who intends to sentence a defendant outside of the guidelines to demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.

***Id.*** at 1264 (citation omitted).

"[I]f the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not [unreasonable], we must affirm a sentence that falls outside those guidelines." ***Id.*** (citations and emphasis omitted).

Here, the trial court considered Streeter's mental health history and his drug problem. ***See*** N.T., 6/30/16, at 28-36. The trial court noted that Ferrigno, a 69-year-old disabled woman, allowed Streeter to live with her to help him with his drug addiction and mental health problems. ***Id.*** at 7-8, 29-30. The trial court noted Streeter's victimization of the person that was

attempting to assist him and help him get back on his feet. *Id.* at 30. The trial court also addressed the risk to the community, Streeter's prior criminal history and rehabilitation needs. *Id.* 31-32. The trial court indicated that Streeter's previous two-year prison term was not rehabilitative and did not act as a deterrent. *Id.* at 33. The trial court noted that Streeter never demonstrated a commitment to drug or mental health rehabilitation. *Id.* at 29-32. Indeed, the trial court pointed out that Streeter only sought treatment in an effort to gain leniency from the court. *Id.* at 9, 33. The trial court further stated that Streeter's actions had an adverse impact on his children. *Id.* at 33. The trial court indicated Streeter required a long prison term to complete a drug treatment program, and to prevent victimizing anyone else and because of his lack of remorse. *Id.* at 32-33. Thus, upon our review of the record, we conclude that the trial court articulated reasons for the sentence, in excess of the guideline range, and therefore did not abuse is discretion. *See Bowen*, 55 A.3d at 1265.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017